**Angelique Huchette, Administratrix, Appellee, v. Williamson County Coal Company, Appellant.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of Williamson county; the Hon. Richard S. Farrand, Judge, presiding. Heard in this court at the October term, 1913. Reversed with finding of fact. Opinion filed July 28, 1914.

## Statement of the Case.

Action by Angelique Huchette, administratrix of the estate of J. B. Huchette, deceased, against the Williamson County Coal Company to recover for for the death of the deceased resulting from a stone falling from the roof of a mine upon him while employed to go into the mine and extinguish a fire. The declaration consisted of four counts, all of which charged common-law negligence.

The first count alleged that the defendant carelessly and negligently failed to prop its roof; that defendant knew of its dangerous condition or could have known of it; that plaintiff's deceased did not know of such dangerous condition, and did not know of the dangers

consequent to improperly propping roof and did not have equal means of knowing with defendant. The second count that said roof was insufficiently propped and same as first count. The third count that the roof was insufficiently propped and that deceased was carelessly and negligently sent into cross cut to assist in extinguishing fire, the escaping of steam and loosening of rock, etc. The fourth count same as third, negligent order, unsafe place to work, etc.

All of said counts charged that the deceased while he was in the exercise of due care was killed by and through the negligence of defendant to the damage of the plaintiff in the sum of ten thousand dollars. A plea of not guilty was filed and an issue joined thereon. From a judgment entered on a verdict in favor of plaintiff for fourteen hundred dollars, defendant appeals.

Denison & Spiller, for appellant; Mastin & Sherlock, of counsel.

Neely, Gallimore, Cook & Potter, for appellee.

Mr. Justice Harris delivered the opinion of the court.

## Abstract of the Decision.

1. Mines and minerals, § 148*—*burden of proof in suit for death of miner.* In an action against a mining company to recover for the death of a miner resulting from the fall of a stone from the roof of a mine, *held* under the averments of the declaration the burden was upon the plaintiff to prove by a preponderance of the evidence that the deceased while in the exercise of due care and caution was injured by defendant's failure to use reasonable care to furnish deceased with a reasonably safe place to work; that at the time of the accident he was acting under and in obedience to a special order; that the danger was known to defendant or could have been known by the exercise of reasonable care; that deceased

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

did not know of the danger and that he was free from the negligence which contributed to the injury.

2. MINES AND MINERALS, § 173*—*when recovery for death of miner not sustained by the evidence.* In an action against a mining company to recover for the death of a miner resulting from the fall of a rock from the roof of a mine, where the declaration alleged defendant was guilty of common-law negligence in failing to prop the roof, *held* that a verdict in favor of plaintiff could not be sustained for the reason that the .evidence showed that the deceased was not in the exercise of due care for his own safety, it appearing that deceased was taken from the place where he was injured to a place of safety and directed to keep out, and that he returned to the place he was injured in violation of the directions.

3. APPEAL AND ERROR, § 1411*—*when verdict may be set aside.* A verdict on conflicting testimony may be set aside as against the weight of the evidence where the verdict is based on the testimony of one witness, which was denied by three others, and all the circumstances and inferences to be drawn from the evidence corroborated the three witnesses.

4. APPEAL AND ERROR, § 1802*—*when judgment may be reversed without remandment.* Where a verdict upon which a judgment was entered is without sufficient evidence to support it and the case has been tried twice in the lower court, and it appears from the record that all the facts material to the issue have been brought forward to both parties and that a new trial would serve no good purpose, the case will be reversed with a finding of fact.